IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

VANESSA C. SMITH                                                                                                    PLAINTIFF

      v.            Civil No. 5:23-cv-05220-TLB-CDC

DR. JOHN KENDRICKS, Primary Care
Physician; and JOHN LATOUR, Tax Law                                                        DEFENDANT

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Vanessa C. Smith ("Smith"), filed this action alleging medical malpractice and claims pursuant to the Americans with Disabilities Act ("ADA"). Smith proceeds *pro se* and *in forma pauperis* ("IFP"). Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court for preservice screening of the Amended Complaint (ECF No. 11) in accordance with 28 U.S.C. § 1915(e)(2).

### I.     BACKGROUND

Smith filed her original Complaint on December 1, 2023, (ECF No. 2), and her Motion to proceed IFP was granted on December 28, 2023. (ECF No. 7). Upon review of her Complaint, it was apparent Smith had not properly completed the utilized complaint form, making it difficult, if not impossible, to determine what claims Smith was asserting against each named Defendant and whether she asserted the claims on her own behalf or on behalf of her son. Smith was ordered to file an Amended Complaint by February 13, 2024, (ECF No. 8), but failed to timely file the

Amended Complaint, prompting this Court's entry of a Show Cause Order. (ECF No. 9). Smith's response to the Show Cause Order was due by March 6, 2024, and her response was the filing of an Amended Complaint on March 7, 2024. (ECF No. 11). Smith's Amended Complaint is now before the Court for screening.

As a basis for jurisdiction, Smith indicates she is bringing a claim based on discrimination against an individual with a disability. (ECF No. 3). She alleges that a primary care physician ("PCP") has falsified documentation for special intellectual and developmental needs and has failed to follow through with a medical diagnosis and implementation of a treatment plan. *Id.* As a result, Smith alleges deprivation of "federal medical benefits" and "plan." *Id.*

In her statement of claim, Smith alleges that Defendant Kendricks is the PCP for her son, Elgin Smith ("Elgin"). (ECF No. 11 at 4). On May 16, 2023, Defendant Kendricks allegedly refused to provide Elgin with medical care. *Id.* On August 10, 2023, Defendant Kendricks allegedly refused to provide Elgin's medical records. *Id.* Smith asserts Defendant Kendricks still has not provided Elgin with medical care and maintains there are no grounds existing to terminate Elgin's medical care; Smith says there is no PCP documentation of "no care or refusal of care" and asserts Elgin remains ill. *Id.* Additionally, because of Defendant Kendricks' actions, Smith alleges she has suffered extreme and undue hardship. (ECF No. 11 at 4). Smith says her relationship with Elgin has suffered and she has been unable to give him basic care "without anger, non-understanding." *Id.* at 5. Smith also alleges the PCP and his staff advised Elgin that he could refuse medical treatment for himself. *Id.*

As relief, Smith indicates she would settle for compensation for the harm to Elgin and harm to their relationship. (ECF No. 11 at 5). Smith asserts that Elgin has been harmed both mentally

2

and physically. *Id.* She indicates Elgin has suffered "[h]arm to his self awareness and need for medical care." *Id.* Smith asks that Defendant Kendricks be held "responsible" for not providing Elgin with medical care and failing to be aware of Elgin's disabilities. *Id.*

## II. APPLICABLE STANDARD

The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be granted, or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes,* 656 F. Supp 458, 464 (E.D.N.C. 1987); *In re Tyler,* 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. DISCUSSION

The claims asserted in the Amended Complaint are subject to dismissal for several reasons.

3

First, "[c]ourts have an independent obligation to determine whether federal subject matter jurisdiction exists." *Hertz Corp. v. Friend,* 559 U.S. 77, 94 (2010). "Federal courts are courts of limited jurisdiction. The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." *Kessler v. Nat'l Enters., Inc.,* 347 F.3d 1076, 1081 (8th Cir. 2003) (citation and internal quotation marks omitted).

Section 1331 provides that the "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Section 1331 does not itself create causes of action. "[A] right or immunity created by the Constitution, or the laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l. Bank,* 299 U.S. 109, 112 (1936). The Supreme Court has stated that:

> [u]nder our interpretations, Congress has given the lower federal courts jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.

*Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 27-28 (1983).

There is no general federal cause of action for medical malpractice. *See e.g., Phillips v. Leone,* No. 08-6199, 2009 WL 77277, *2 (D. Minn. June 9, 2009) (no federal cause of action where plaintiff is attempting to sue for medical malpractice). While there are certain statutes that allow medical malpractice claims to be brought, for instance claims against the United States pursuant to the Federal Tort Claims Act, § 28 U.S.C. §§ 2671-2680, Smith is not relying on any Constitutional provisions, federal statutes, or treaties. No plausible federal medical malpractice

claim has been stated. Even had a state law malpractice claim been stated – and it has not – the Court would lack diversity jurisdiction over any such a claim as both Smith and the Defendants are alleged to be citizens of Arkansas. 28 U.S.C. § 1332; *Buckley v. Control Data Corp.,* 923 F.2d 96, 97 n.6 (8th Cir. 1991) (complete diversity of citizenship must exist). This Court cannot proceed in the absence of jurisdiction.

      Second, while Smith indicates she is asserting an ADA claim over which the Court would have original jurisdiction, she is attempting to assert these claims on behalf of her son. While *pro se* individuals have an absolute right to represent themselves, *pro se* parties may not represent the interests of other parties. 28 U.S.C. § 1654. This holds true even when the *pro se* individual seeks to represent her own children. *Crozier for A.C. v. Westside Cmty. Sch. Dist.,* 973 F.3d 882, 887 (8th Cir. 2020) (non-attorney parents cannot litigate on behalf of their minor children). While this rule is not without exception, *i.e.* social security cases, no exception extends to claims alleging violations of constitutional rights under § 1983 or statutory rights under the ADA. *See e.g., Mann v. Boatright,* 477 F.3d 1140, 1150 (10th Cir. 2007) (daughter, acting *pro se,* could not bring claims alleging violations of constitutional rights on behalf of her father); *Cabrera v. State of North Dakota Workforce Safety and Ins. Fund,* No. 1:18-cv-242, 2020 WL 1068110 (D.N.D. March 5, 2020) (non-attorney wife, acting *pro se,* may not represent her husband's estate in ADA action); *Clayton v. Kroopnick,* No. 2:22-cv-12156, 2023 WL 5423623, *5 (E.D. Mich. June 23, 2023) (non-attorney parent or guardian may not represent the interests of his/her children under the ADA or § 504 of the Rehabilitation Act). Smith may not assert any ADA claims on behalf of her son, Elgin.

Finally, even if the Court could entertain Smith's Amended Complaint, only its caption lists John Letour "Tax Law" as a Defendant – there is no mention of him in the body of the Amended Complaint.   No plausible claim has been asserted by Smith against Letour.

### IV.     CONCLUSION

For these reasons, it is recommended that Smith's Amended Complaint be **DISMISSED** for lack of jurisdiction and for failure to state a claim under 28 U.S.C. § 1915(e)(2).

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**RECOMMENDED** this 12th day of March 2024.

*Christy Comstock*
_____
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE